**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-51074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CARLOS GARCIA-FLORES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(DR-97-CR-196-ALL)

April 22, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Carlos Garcia-Flores of bringing two illegal aliens into the United States for commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and illegally transporting these unauthorized aliens while inside the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2. The district court sentenced Garcia-Flores to concurrent 33-month terms of imprisonment and concurrent 3-year terms of supervised release. Garcia-Flores timely filed this appeal. We affirm.

Garcia-Flores first argues that the prosecutor made improper statements during his rebuttal closing argument that thereby deprived Garcia-Flores of his right to a fair trial. A prosecutor's improper comments may constitute reversible error if they substantially affect the defendant's right

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a fair trial.[2]  In evaluating a claim of prosecutorial misconduct, we must first ask whether the challenged remark was inappropriate.[3]  If so, we then determine whether the remark affected the defendants' substantial rights.[4]  Garcia-Flores first takes issue with the prosecutor's opening comment on rebuttal that defense counsel's argument was "[s]moke, confusion, word games, slime".  Even assuming that these remarks were inappropriate, their prejudicial effect was not of sufficient magnitude to deprive Garcia-Flores of a fair trial.[5]  Moreover, the district court's curative instructions were sufficient to ensure that these remarks did not unduly prejudice the jury.[6]  Lastly, the evidence against Garcia-Flores was strong, as two alien witnesses testified that Garcia-Flores had offered to smuggle them into the United States for money, that he acted as their "guide" as they waded across the river, and that he drove the truck once inside the United States.[7]  Garcia-Flores also takes issue with the prosecutor's assertions that (1) the jury, to acquit Garcia-Flores, would have to conclude that the Border Patrol agents were lying; and (2) these agents were too busy to manufacture a case against Garcia-Flores and would lose their jobs if caught trying to do so.  In assessing these assertions, we "must review the allegedly improper comment 'in light of the argument to which it responded.'"[8]  Because these statements served to rebut defense counsel's implied arguments, they were not improper.[9]

---

[2]     *United States v. Andrews*, 22 F.3d 1328, 1341 (5th Cir. 1994).

[3]     *United States v. Munoz*, 150 F.3d 401, 414 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 887 (1999).

[4]     *Id.* at 415.  In reaching this determination, we must weigh several factors: "(1) the magnitude of the prejudicial effect of the statements; (2) the efficacy of any cautionary instruction; and (3) the strength of the defendant's guilt."  *Id.* (internal quotation marks and citation omitted).

[5]     *See id.*

[6]     *See id.*

[7]     *See id.*

[8]     *United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995) (citation omitted).

[9]     *See id.*

Garcia-Flores next contends that the evidence was insufficient to prove that he had brought unauthorized aliens into the United States for commercial advantage or private financial gain. We review the sufficiency of the evidence to determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt.[10] In making this determination, we view all the evidence, and all reasonable inferences to be drawn from it, in the light most favorable to the verdict.[11] In the instant case, two alien witnesses testified that they agreed to pay Garcia-Flores to bring them into the United States, that Garcia-Flores threatened to return them to Mexico if they failed to pay him, and that Garcia-Flores led them across the river "like a guide". The evidence was therefore sufficient to establish beyond a reasonable doubt that Garcia-Flores had brought two aliens into this country for his own financial gain.[12] Although there were some incongruities in the witnesses' statements, the jury resolved any discrepancies against Garcia-Flores.[13]

Finally, Garcia-Flores argues that the district court erred by refusing to provide the jury with his proposed instruction clarifying the meaning of the phrase "commercial advantage and private financial gain". We review a district court's refusal to provide a requested jury instruction for an abuse of discretion.[14] District courts enjoy substantial latitude in formulating jury instructions.[15] Accordingly, we will reverse only if the requested jury instruction: (1) was a substantially correct statement of the law; (2) was not substantially covered in the charge as a whole; and (3) concerned an important point in the trial, the omission of which seriously impaired the defendant's ability to

---

[10]     *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992).

[11]     *See id.* at 161.

[12]     *See id.* at 160-61.

[13]     *See United States v. Gonzalez*, 76 F.3d 1339, 1346 (5th Cir. 1996) (the jury may choose among reasonable constructions of the evidence).

[14]     *United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir. 1997), *cert. denied*, 118 S Ct. 638 (1997).

[15]     *Id.*

present an effective defense.[16] Although it is reversible error to refuse a charge on a defense theory for which there is an evidentiary foundation, and which, if believed, would be legally sufficient to support an acquittal, a trial judge is under no obligation to give a requested jury instruction that misstates the law.[17] Garcia-Flores concedes by implication that his requested instruction has no foundation in the text of 8 U.S.C. § 1324(a)(2)(B)(ii). His proposed clarification was suggested by an application note to U.S.S.G. § 2L1.1, which requires payment or the expectation of payment before an upward adjustment for smuggling "for profit" may be imposed. Given § 1324's silence on the subject, however, Garcia-Flores's requested instruction was not a substantially correct statement of the law. Accordingly, the district court did not abuse its discretion by refusing to provide the jurors with the requested instruction.

AFFIRMED.

---

[16] *Id.*

[17] *See United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993).